## RICHARD RALEY *v.* COMMONWEALTH.

**Criminal Law—Plea of Former Conviction.**

Where there are two indictments against the accused, the first charging him with stealing a horse from J. B. Simpson in October, 1872, and the other with stealing the same horse from J. B. Simpson in December, 1874, and he is tried and convicted on the second charge, such conviction is a bar to a prosecution under indictment No. 1.

**Time Stated in an Indictment.**

The time when an offense is charged to have been committed is not material except to show that it was committed before the finding of the indictment, except where time is an ingredient in the offense, and hence proof that one stole a described horse in October, 1872, or in December, 1874, would warrant the conviction of the accused under either one of two indictments.

### APPEAL FROM MARION CIRCUIT COURT.

#### November 14, 1876.

OPINION BY JUDGE COFER:

At the February term, 1875, of the Marion Circuit Court, two indictments were found against the appellant for the crime of horse stealing. One, which we shall designate as number one, charged him with stealing a horse from J. B. Simpson in October 1872; and the

other, which we will designate as number two, charged him with stealing a horse from J. B. Simpson in December, 1874. He was first tried under indictment number two, and a general verdict of guilty was found against him. He was then put upon trial under number one, to which he pleaded not guilty and a former trial and conviction.

The evidence conduced to prove that the appellant stole a mare from J. B. Simpson in October, 1872, and sold her to Huddleston; that in December, 1874, she escaped from Huddleston and returned to Simpson and in a day or two thereafter was again stolen by the appellant and returned to Huddleston.

"The statement in the indictment as to the time at which an offense was committed is not material further than as a statement that it was committed before the time of finding the indictment, except where the time is a material ingredient in the offense." Sec. 130, Cr. Code. It is therefore evident that proof that the appellant stole the mare either in October, 1872, or in December, 1874, would have warranted his conviction under either indictment.

On the last trial he gave in evidence the record of the first, and the evidence showed without contradiction that the J. B. Simpson named in the two indictments was the same person. The evidence also showed that on the first trial evidence was given against his objections conducing to prove the stealing of the mare by the appellant in 1872, but it also showed that the court told the jury that they should not consider any evidence except such as related to the stealing in December, 1874. The record of that trial, however, showed that the court instructed the jury that they should find the appellant guilty if they believed from the evidence that he stole the mare before the finding of that indictment, and refused, when asked to instruct them that they should find him not guilty unless they believe from the evidence beyond a reasonable doubt that he stole the mare about the time charged in that indictment, viz., December 16, 1874. It is, therefore, impossible to say that the evidence heard by the jury on that trial, in regard to the stealing of the mare in 1872, did not contribute to the verdict. It is true the court told the jury not to consider that evidence, but they were permitted to hear it, and when the court told them to find the appellant guilty if they believed he stole the mare before the finding of the indictment, and especially after the court had refused to instruct them that they should find him not guilty unless he stole the mare in December, 1874, they may well have regarded

the oral admonition not to consider evidence respecting the stealing of her at any other time as withdrawn.

But aside from this consideration the plea was clearly sustained upon another ground.   It appearing that the animal alleged in the indictments to have been stolen was the same, and that the same person owned her at the time each stealing took place, the same evidence necessary to convict him under indictment number one would have authorized his conviction under number two.

·   "If the first indictment or information were such that the accused might have been convicted under it on proof of the facts by which the second is sought to be sustained, then the jeopardy which attached upon the first must constitute a protection against a trial on the second."   Cooley's Const. Limitations, 328.   The court should therefore have sustained the plea of former conviction.

It did not matter that judgment had not been rendered on the verdict in the case number two.   A motion had been made for a new trial and overruled, and the first case was thereby so far finally disposed of as to support the plea.   1 Bishop's Crim. Procedure, Sec. 581.

Judgment *reversed,* and cause remanded for further proceedings not inconsistent with this opinion.        ·

*C. S. Hill, J. W. Jones, for appellant.    Moss, for appellee.*